UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

UNITED STATES OF AMERICA,

        Plaintiff,                    02:07-CR-00080-CRW-PAL

v.

                        ORDER DENYING POST-CONVICTION RELIEF

GARY COLOMBO,

        Defendant.

        In this post-conviction proceeding filed pursuant to 28 U.S.C. section 2255,

defendant Gary Colombo ("Colombo") moves the Court to set aside the Court's Order of

Judgment and Conviction on Count One of the Indictment, conspiracy to commit wire fraud,

entered on December 13, 2010, pursuant to a plea agreement and plea of guilty.  Colombo

contends his court-appointed lawyer Osvaldo Fumo ("Fumo"), the second CJA attorney who had

been appointed for him[1], was ineffective in representing him before and during his guilty plea on

August 23, 2010, and before and during the sentencing hearing on December 7, 2010.  Colombo

initially asserted five claims of ineffectiveness:  that Fumo "capitulated" to this Court's denial of

a request for a continuance of trial; allowed Colombo to be coerced into pleading guilty; failed to

move for a competency hearing; failed to challenge the factual basis for his guilty plea; and

failed to provide him with a copy of the Presentence Investigation Report ("PSR") before the

sentencing hearing.  After the court appointed Daniel J. Albregts to represent him, counsel added

---

    [1] Colombo suggested when testifying at the hearing that his first CJA attorney also had
been ineffective; nothing whatsoever in this large record supports that late unpleaded suggestion.

the slightly modified new contention that Colombo's plea of guilty was not voluntary but was

coerced, regardless whether that resulted from Attorney Fumo's alleged incompetent assistance.

This newly added claim is addressed separately from his claims alleging ineffectiveness of

counsel.[2]

On July 29, 2013, the Court held a full evidentiary hearing during which both

Colombo and Fumo testified, and the record of the criminal proceedings was submitted along

with Fumo's billing records that the Court by order authorized the Clerk of Court to provide to

Colombo's attorney.  The Court denies all grounds of Colombo's section 2255 motion.

A.  THE UNDERLYING FACTS.

The Court makes the following findings on each of Colombo's claims, including

the coerced-plea contention on which counsel have presented both oral argument and post-

hearing briefs.   In deciding each of Colombo's six claims, the Court has assessed the credibility

of Gary Colombo's testimony and the credibility of Osvaldo Fumo's testimony.  The Court has

carefully analyzed the demeanor of each in testifying, as well as how their statements under oath

compared to the record of events leading to Colombo's guilty plea and what appears in Fumo's

detailed billing records.  In every respect where Fumo's testimony was different from

Colombo's, Fumo's recollection was reliable and truthful; Colombo's testimony was not reliable

or credible.

---

[2]The Court passes the question whether this added sixth claim was timely, addressing its
substance instead.  The Court permitted the late filing during the hearing on July 29, 2013, and
has considered the parties' post-hearing briefs as though the claim related back to Colombo's pro
se filing.  See generally Mayle v. Felix, 545 U.S. 644, 654-64 (2005).

B.  THE SIX CLAIMS.

REQUEST FOR CONTINUANCE.   District courts have broad discretion in

scheduling trials.  See Morris v. Slappy, 461 U.S. 1, 11-12 (1983).  According to Colombo,

Attorney Fumo sought a continuance on or about June 1, 2010, which the Court denied and

Fumo should have tried harder to delay the trial.  This Court's docket reflects no such request.

The Court had, however, already granted numerous continuances of trial at Colombo's request.

Even if Fumo had made such a request on June 1, Colombo has not proved he was harmed or that

his attorney Fumo was ineffective in accepting the scheduled trial date of August 23.  Colombo

and attorney Fumo had at least sixty days to prepare for trial when that trial date was set.

Morever, the Court finds that Fumo was adequately prepared for trial when Colombo decided to

plead guilty before jury selection was to begin.   Fumo credibly testified he was ready and

prepared to represent Colombo at trial on that date.

COERCION BY COUNSEL.  Attorney Fumo categorically denies coercing his

client to plead guilty, and Fumo, not Colombo, credibly explained why Colombo decided to

plead guilty pursuant to the written plea agreement.   Fumo likewise denied telling Colombo that

Fumo had not had enough time to prepare for trial or that he was uncomfortable trying the case.

The Court believes Fumo, not Colombo on the question of coercion and why Colombo entered

into the plea agreement and voluntarily pleaded guilty.  Colombo's own statements in open court

on August 23, 2010 belie his allegation of coercion.  Colombo himself, not only Fumo, informed

the Court before and during the Rule ll plea colloquy that Colombo wished to plead guilty.

Morever, during the colloquy, Colombo did not mention that anyone threatened or coerced him

3

to plead guilty.  Colombo was not coerced to plead guilty by Fumo or by anyone else.

WAS COLOMBO COERCED?  In the supplemental argument and brief of counsel, Colombo asserts he was coerced to plead guilty by the "totality of the circumstances" that day: he was not acting voluntarily, was hesitant to change his plea to guilty, and the plea should not have been accepted by the Court.  The Court disagrees with this modified new coercion claim.  Colombo did knowingly and voluntarily accept and sign the proposed written plea agreement and understood its consequences, some quite favorable to him with respect to the sentence he faced.

It is true, as claimed, that until the day of trial Colombo thought acquaintances in the so-called Sovereign Citizens Movement would magically cause the government to dismiss the charges without trial, a belief Fumo never confirmed or encouraged.  Colombo then decided on his own not to face the jury trial he realized was about to begin.  But the totality of the circumstances - - especially Colombo's full responses to the Court's questions during the plea colloquy and his signing of the plea agreement- - put the lie to the new claim of coercion of the guilty plea.

The government's opposition to Colombo's supplemental brief accurately describes in detail the entirely credible testimony of Fumo and not credible testimony of Colombo on this coercion issue.  Any difficulty Colombo had communicating with Fumo in the weeks before the trial date arrived, when he pleaded guilty, was entirely the result of Colombo being unwilling to meet and discuss trial strategy with Fumo.  Colombo was not coerced to plead guilty.

COMPETENCE.  The evidence contradicts Colombo's claim that he was not

competent to plead guilty.  During the change-of-plea colloquy, Colombo demonstrated fully his

present ability to consult with his lawyer, to understand the proceedings and charges against him,

and the factual underpinning for the plea.  Following the colloquy the Court was satisfied that

Colombo was competent and explicitly so found.  Competency to stand trial includes both 1)

"whether [the defendant] has sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding," and 2) "whether he has a rational as well as factual

understanding of the proceedings against him."  Dusky v. United States, 362 U.S. 402, 402

(1960)(per curiam).  It "has long been accepted that a person whose mental condition is such that

he lacks the capacity to understand the nature and object of the proceedings against him, to

consult with counsel, and to assist in preparing his defense may not be subjected to a trial. "

Drope v. Missouri, 420 U.S. 162, 171 (1975).

The trial competency standard applies to plea hearings because "while the

decision to plead guilty is undeniably a profound one, it is no more complicated than the sum

total of decisions . . . during the course of a trial."  Godinez v. Moran, 509 U.S. 389, 398 (1993).

"Counsel's failure to move for a competency hearing violates the defendant's right to effective

assistance of counsel when there are sufficient indicia of incompetence to give objectively

reasonable counsel reason to doubt the defendant's competency, and there is a reasonable

probability that the defendant would have been found incompetent to stand trial had the issue

been raised and fully considered."  Stanley v. Cullen, 633 F.3d 852, 862 (9th Cir. 2011)(citation

and quotation omitted).  Here Colombo has presented no credible evidence to contradict the

Court's finding of competency.   Colombo has not shown any indicia of a lack of  competence.

Attorney Fumo had no reason to doubt that Colombo was competent when Colombo entered his

plea, or at any other time.  Accordingly, Fumo's decision not to move for a competency hearing

was neither incompetent nor prejudicial to Colombo's rights.

       FACTUAL BASIS FOR THE PLEA.  Colombo's ineffectiveness claim regarding

the factual basis of his plea fails as a matter of law and evidence in the record.  Issues raised at

trial and considered on direct appeal are not subject to collateral attack under 288 U.S.C. §2255.

See  United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985).  Colombo challenged the factual

basis for the plea on direct appeal, and the Court of Appeals for the Ninth Circuit squarely

rejected that argument.  United States v. Colombo, 462 Fed. Appx. 698, 699 (9th Cir.

2011)(unpublished)("Colombo attacks the validity of his plea including this appeal waiver on the

ground that the agreement lacked a valid factual basis.  We disagree. . . . Not only is this record

devoid of plain error, but his plea agreement and his plea allocution taken together demonstrate a

clear factual basis for the plea to which he admitted.").  Accordingly, Fumo cannot be faulted for

failing to attack the factual basis for the guilty plea that first  the trial Court and thereafter the

Court of Appeals found to be factually sufficient.

       PRESENTENCE REPORT.   Colombo contends that Fumo gave ineffective

assistance because he did not mail Colombo the PSR prior to sentencing.  Fumo credibly

contradicted this claim; the Court finds that Fumo did mail and e-mail the PSR to Colombo.

       Even if Colombo's allegation were true, Colombo has not proved either

ineffective assistance or prejudice.  Colombo received a copy of the PSR at the sentencing

hearing and read it, after the Court ordered a recess that lasted for one hour and twenty minutes to allow Colombo to review it.  Colombo has not shown any prejudice suffered if indeed he did not receive the PSR until the morning trial was to begin.   He has not pointed to facts inaccurate or missing from the PSR.  He therefore has not proved a Sixth Amendment violation or ineffective assistance or prejudice in connection with Fumo representing him during the sentencing phase of the case.

The Court concludes that court-appointed lawyer Osvaldo Fumo effectively represented the defendant Gary Colombo throughout the course of the proceedings once he accepted the CJA appointment, prepared for trial, and assisted Colombo at the plea proceeding and sentencing.  Further, Colombo was not coerced in any respect; his guilty plea pursuant to the written plea agreement was intelligent and voluntary in every respect.

The Court denies Gary Colombo's 28 U.S.C. section 2255 motion for post-conviction relief.

IT IS SO ORDERED.

Dated this 21st day of August, 2013.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT

8